**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

JERRY R.C. COOPER
38341
        Plaintiff,
  v.
                                     Case No. 14-4126-RDR
UNITED STATES OF AMERICA,
CINDY SMITH, HARRY SMITH.
        Defendants.

**O R D E R**

Plaintiff has filed a <u>pro se</u> complaint alleging various causes of action stemming from his claim that his deceased father, James W. Cooper, a military veteran, never divorced his first wife, Peggy R. Cooper, but later entered two other marriages – one in 1946 to Opal Cooper (which ended in divorce) and one in 1978 to Lola Smith who predeceased Mr. Cooper.

I. <u>Plaintiff's allegations</u>

Plaintiff names the United States of America, Cindy Smith and Harry Smith as defendants. Cindy Smith and Harry Smith are alleged to be step-children from James Cooper's third marriage. Plaintiff asserts that they have illegally obtained government benefits upon the false premise that James Cooper's third marriage was a legal one. Plaintiff further asserts that Cindy Smith and Harry Smith have deprived the legal children of James Cooper of property without due process. The complaint also claims that in October 2010 defendant Cindy Smith, as an alleged daughter of James W. Cooper, requested an honor detail to perform at his funeral, and

that she was listed as a daughter on his death certificate. Plaintiff has attached as an exhibit a copy of a consent decree entered in the Kansas State District Court for Labette County, Kansas on October 22, 2013 wherein Cindy Smith consents that she is neither the biological child nor the step-child of James Cooper because Cooper was not legally divorced from Peggy Cooper at the time of his marriage to Lola Smith. Plaintiff asserts that the United States has failed to maintain accurate records to determine marital rights and the provision of benefits. Plaintiff also asserts that defendants have deprived plaintiff of his First Amendment religious rights.

Plaintiff alleges: a violation of the Tenth Amendment to the Constitution; a violation of 1 U.S.C. § 7; a violation of a federal regulation, 38 C.F.R. § 3.52; and a violation of Kansas common law prohibiting fraud. Plaintiff also mentions statutes related to the adjudication of veterans benefits, such as 38 U.S.C. §§ 103(c) and 5107. Plaintiff appears to seek a remedy under federal statutes providing for administrative review, 5 U.S.C. §§ 702, 706; the Privacy Act, 552a(g)(1)&(4); the Federal Tort Claims Act, 28 U.S.C. § 2674; and 42 U.S.C. § 1983. Plaintiff requests declaratory relief as to James Cooper's mental state; a declaration that his third marriage was void, illegal and bigamous; a correction of federal records to delete reference to the alleged sham marriages; a declaration that defendants made false statements which deprived plaintiff of due process; a declaration that plaintiff's religious

rights have been violated; and damages in excess of $500,000 from each defendant.

In response to a show cause order from this court, plaintiff has stated that the United States should be made liable because, in a September 1978 administrative decision by the Veterans Administration, it recognized as "presumed valid" the 1978 marriage between James Cooper and Lola Smith.  Plaintiff also asserts that defendants Cindy and Harry Smith should be liable because they made statements to police officers, funeral directors, the Kansas Department of Health and Environment, and others that they were the step-children of James Cooper.

II.  Show cause order

Plaintiff, who is confined in a Kansas correctional facility, has asked for leave to proceed in forma pauperis.  This case is before the court upon an order to show cause why this case should not be dismissed.  This order was issued pursuant to this court's obligation under 28 U.S.C. § 1915A to review cases filed by inmates and to dismiss claims which are frivolous or fail to state a claim or which seek monetary relief from defendants who are immune from such relief.  Because plaintiff is appearing pro se, we construe his filings liberally but "our role is not to act as his advocate." See Gallagher v. Shelton, 587 F.3d 1063, 1067 (10th Cir. 2009).

For the reasons which follow, the court shall order that this case be dismissed.

III. <u>Standards for determining whether a complaint fails to state a claim</u>

In <u>Khalik v. United Air Lines</u>, 671 F.3d 1188, 1190-92 (10th Cir. 2012), the Tenth Circuit reviewed the standards for determining whether a complaint fails to state a claim:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Recently the Supreme Court clarified this pleading standard in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009): to withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, "to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570, 127 S.Ct. 1955. A plaintiff must "nudge [his] claims across the line from conceivable to plausible" in order to survive a motion to dismiss. <u>Id.</u>
> The Court explained two principles underlying the new standard: (1) when legal conclusions are involved in the complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions," <u>Iqbal</u>, 129 S.Ct. at 1949, and (2) "only a complaint that states a plausible claim for relief survives a motion to dismiss," <u>id.</u> at 1950. Thus, mere "labels and conclusions" and "a formulaic recitation of the elements of a cause of action" will not suffice. <u>Twombly</u>, 550 U.S. at 555, 127 S.Ct. 1955. Accordingly, in examining a complaint under Rule 12(b)(6), we will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable. . . .

IV. <u>Plaintiff has failed to make allegations which establish that he has standing to bring this action</u>.

Standing is a legal inquiry which this court may raise <u>sua sponte</u>. <u>Rector v. City and County of Denver</u>, 348 F.3d 935, 942 (10th Cir. 2003). Plaintiff must allege sufficient facts plausibly

4

establishing each element of the standing inquiry. See <u>Horne v. Flores</u>, 557 U.S. 433, 445 (2009). These elements are: first, an "injury in fact which is concrete and particularized as well as actual or imminent, not conjectural or hypothetical; second, a causal connection between the injury and the defendant's actions; and third, a likelihood that a favorable judgment will redress the alleged injury." <u>Nova Health Sys. v. Gandy</u>, 416 F.3d 1149, 1154 (10th Cir.2005) (citations omitted).

The complaint alleges that "all defendants" have deprived plaintiff "of religious rights secured by the [First] Amendment to the U.S. Constitution with the erroneous recognition of an invalid, void and bigamous marriage." Doc. No. 1, p. 5. The complaint also alleges that plaintiff "has suffered an actual or threatened injury" (<u>id.</u>), and that there was a "deprivation of property." <u>Id.</u> at p. 6. Plaintiff's claims in his response to the order to show cause are no more specific in describing his injuries from defendants' alleged misconduct.

These allegations are insufficient to establish a concrete and particularized injury in fact; they are mere legal conclusions. This failure to allege facts showing standing provides an independent reason to dismiss all of plaintiff's claims.

V. <u>Plaintiff's claims under 42 U.S.C. § 1983 must be dismissed</u>.

In 2012 plaintiff filed an action against Cindy Smith, Harry Smith and other defendants, including the Department of Veterans Affairs and the Social Security Administration. See Case No. 12-

5

1070-JAR. The case was assigned to Judge Robinson of this court. Plaintiff alleged many of the same facts as are alleged in the complaint in this case. Plaintiff also asserted a cause of action under 42 U.S.C. § 1983 as he has in this case. Judge Robinson dismissed the § 1983 action with prejudice for failure to state a claim, noting that plaintiff had not alleged facts showing that Cindy Smith and Harry Smith acted "under color of state law" as is required for a § 1983 claim.[1] Case No. 12-1070, Doc. Nos. 17 & 22.

Under the doctrine of res judicata, this judgment bars any future claim against the Smith defendants under § 1983 which arises from the same facts.[2] See Strickland v. City of Albuquerque, 130 F.3d 1408, 1411-12 (10th Cir. 1997)(applying res judicata doctrine to a § 1983 claim which could have been raised in prior state court action). "Res judicata requires the satisfaction of four elements: (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit." Nwosun v. Gen. Mills Rests., Inc., 124 F.3d 1255,

---

[1] Section 1983 provides that: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ." (emphasis added).

[2] This is a matter the court may raise on its own or "sua sponte." Arizona v. California, 530 U.S. 392, 412 (2000)("if a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised")(interior quotation omitted).

6

1257 (10th Cir. 1997).  Although, in response to the show cause order, plaintiff broadly asserts that he did not have a full and fair opportunity to litigate his § 1983 claim against the Smith defendants, he cites no facts or reasoning in support of that claim.

Even if the doctrine of res judicata did not apply to this case, the failure of the complaint to allege state action by the Smith defendants is a fatal flaw to any § 1983 claim against them. Brokers' Choice of America, Inc. v. NBC Universal, Inc., 757 F.3d 1125, 1143 (10th Cir. 2014)(§ 1983 does not reach merely private conduct).

In addition, the United States is not a proper defendant in a § 1983 claim.  Section 1983 applies to "persons" acting under the color of state law.  Neither States nor the United States are "persons" liable under § 1983.  See Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989)(states are not "persons"); McLean v. United States, 566 F.3d 391, 401 (4th Cir. 2009)(United States is immune from liability under § 1983); Martinez v. Winner, 771 F.2d 424, 441-42 (10th Cir. 1985)(United States has not waived sovereign immunity for constitutional torts and federal officials are generally not liable under § 1983 unless they conspire with state officers or employees).  Therefore, plaintiff has no cause of action against the United States under § 1983.

VI. Plaintiff's other alleged statutory or regulatory violations do not support a cause of action.

The law is clear that the United States cannot be sued without its consent. U.S. v. Testan, 424 U.S. 392, 399 (1976). Waivers of sovereign immunity must be unequivocally expressed within a statute. Fed. Aviation Admin. v. Cooper, 132 S.Ct. 1441, 1448 (2012); Kane County, Utah v. United States, 772 F.3d 1205, 1210 (10th Cir. 2014). Plaintiff does not cite and the court is unaware of any unequivocal language waiving the United States' sovereign immunity as regards to violations of the following Constitutional provisions, statutes and regulations cited in the complaint: the First Amendment; the Tenth Amendment; 1 U.S.C. § 7;[3] 38 U.S.C. §§ 103(c) and 5107;[4] and 38 C.F.R. § 3.52.[5]

Plaintiff also cites provisions of the Privacy Act, 5 U.S.C. § 552a(g)(1)&(4). These provisions authorize a civil remedy for an individual whose government records have been mishandled. Plaintiff does not allege facts establishing that his government records are at issue.[6]

Finally, plaintiff cites provisions from the Administrative Procedures Act and the Federal Tort Claims Act. Plaintiff fails, however, to allege facts demonstrating that he has suffered a legal wrong which would justify relief under either of these statutes.

---

[3] This statute was determined to be unconstitutional in U.S. v. Windsor, 133 S.Ct. 2675 (2013).
[4] These statutes relate to the consideration of claims for veterans benefits. Section 103 sets out provisions relating to marriages. Section 5107 addresses the burden of proving a benefits claim.
[5] This regulation concerns marriages which are invalid because of a legal impediment.
[6] In addition, without basing the court's action upon this point, it is unclear at best whether plaintiff has exhausted his administrative remedies. This is a prerequisite to bringing an action under the Privacy Act. See Williams v. Department of Veterans Affairs, 510 F.Supp.2d 912, 922 (M.D.Fla. 2007).

Furthermore, to the extent that plaintiff is contesting the outcome of a veterans benefits decision, case law has dictated that this court has no jurisdiction over such claims even if a remedy under the APA or the FTCA is requested. <u>Jones v. United States</u>, 727 F.3d 844, 846-47 (8th Cir. 2013)(no FTCA claim for negligent withholding of benefits because district court does not have jurisdiction pursuant to the Veterans' Judicial Review Act of 1988); <u>Van Allen v. U.S. Dept. of Veterans Affairs</u>, 925 F.Supp.2d 119, 125-26 (D.D.C. 2013)(no APA review by district court is available over VA decisions affecting provision of benefits); <u>Bush v. United States</u>, 2013 WL 5722802 *4-5 (S.D.Ohio 10/21/2013)(no FTCA claim available in district court for challenge to veterans disability benefits decision); <u>Lytran v. Department of Treasury</u>, 2006 WL 516754 *2-3 (D.Kan. 2/28/2006)(no APA review available for decisions regarding veterans benefits); see also <u>Beamon v. Brown</u>, 125 F.3d 965, 967-68 (6th Cir. 1997)(no APA remedy available for plaintiffs challenging system for adjudicating veterans benefits claims because an alternate remedy is provided under the Veterans Judicial Review Act); <u>Weaver v. United States</u>, 98 F.3d 518, 519-20 (10th Cir. 1996)(affirming dismissal of challenge to denial of veterans disability benefits for lack of subject matter jurisdiction).

VII.  <u>Plaintiff may not proceed with a claim for fraud.</u>

Plaintiff does not appear to allege facts which would establish a fraud claim against the United States or a person acting on behalf of the United States.  Even if such facts were

9

alleged, the FTCA does not provide a waiver of sovereign immunity for a fraud action. 28 U.S.C. § 2680(h); <u>Wexler v. Merit Systems Protection Board</u>, 1993 WL 53548 *2 (10th Cir. 2/17/1993). A state law fraud claim against the individual defendants should be dismissed upon standing grounds, as explained earlier.

Even if plaintiff sufficiently alleged standing to bring such a state law claim, when all federal claims are dismissed from a case and there is no other independent source of federal court jurisdiction, a federal court usually should decline to exercise supplemental jurisdiction over the remaining state law claims. <u>Smith v. City of Enid</u>, 149 F.3d 1151, 1156 (10th Cir. 1998). Plaintiff does not allege diversity jurisdiction under 28 U.S.C. § 1332. Nor do the facts alleged in the complaint appear to support a claim of diversity jurisdiction. <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 68 (1996)(in order for diversity jurisdiction to lie, the citizenship of plaintiff must be diverse from the citizenship of each defendant). Since there is no independent source of federal court jurisdiction over the fraud claim against the Smith defendants and plaintiff's claims under federal law must be dismissed, the state law fraud claim should also be dismissed.

VIII. <u>Conclusion</u>

In conclusion, for the reasons detailed in this order, the court directs that this action be dismissed.

**IT IS SO ORDERED.**

Dated this 5th day of March, 2015, at Topeka, Kansas.

                                              s/RICHARD D. ROGERS
                                              Richard D. Rogers
                                              United States District Judge